IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ARNOLD JEFFREY SAYLES,

    Plaintiff,

v.                                              Civil Action No. 5:13CV1
                                                                     (STAMP)
MR. TERRY O'BRIEN, Warden,
MR. T. BAYLESS, Correctional Officer
and MR. R. SHANNON, Correctional Officer,

    Defendants.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE
DENYING DEFENDANT'S MOTION TO DISMISS**

I.   Procedural History

The plaintiff in the above-styled civil action filed a pro se[1] complaint in this Court asserting that he lost a portion of his finger when a manhole cover fell on it while he was working with improper equipment in inappropriate weather conditions. The plaintiff paid the $350.00 filing fee required for a civil complaint and was not granted leave to proceed in forma pauperis ("IFP").[2] An order was entered directing the Clerk of Court to issue 60-day summonses for the named defendants and the plaintiff was advised that he must effect service of process upon those

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

[2] In forma pauperis refers to the filing status as a "pauper," or "indigent who is permitted to disregard filing fees and court costs." Black's Law Dictionary 849 (9th ed. 2009).

parties and timely provide the Court with certification of service by filing documents which reflected proper completed service upon each party.  Thereafter, the plaintiff filed proof of service indicating that each defendant had been served through the prison's internal mailing system.

The defendants then filed a motion to dismiss in lieu of an answer.  A Roseboro notice[3] was issued to the plaintiff informing him of his right to respond to the motion to dismiss.  The plaintiff filed a timely response.  Thereafter, United States Magistrate Judge John S. Kaull issued a report and recommendation recommending that the motion to dismiss be denied, that the Clerk of Court be directed to issue a 60-day summons for the named defendants, the United States Attorney for the Northern District of West Virginia ("NDWV"), and the United States Attorney General, and that the plaintiff be given an extension of time, 30 days, for service of process.  The parties were informed that they had 14 days within receipt of the recommendation to file written objections with this Court and that failure to do so would waive their right to appeal.  Neither party filed objections.  The plaintiff has, however, filed a response to the report and recommendation which states that he has perfected service of process.

---

[3] See Davis v. Zahradrich, 600 F.2d 458, 460 (4th Cir. 1979); Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975).

II. <u>Facts</u>

The plaintiff is a federal inmate housed at United States Penitentiary Hazelton ("USP Hazelton"). He asserts that after he lost part of his finger when a manhole cover fell on it while he was working, he filed a "cop out" form (a BP-8 or informal request), a BP-9, BP-10, and BP-11;[4] none of which, he avers, were responded to. He contends that he then filed the instant action. Although an inmate, the plaintiff was able to pay the $350.00 filing fee required for filing a civil case in this Court. Once notified of the requirement of service of process, the plaintiff provided the case documents to be sent to the individual defendants to his counselor at the penitentiary, Eric Griffith. Mr. Griffith told the plaintiff that he would make sure that the mail was delivered "up top." The plaintiff then indicated to this Court that he had perfected service of process through the prison mail system. The defendants take issue with the plaintiff's version of events in their motion to dismiss.

In the motion to dismiss, the defendants make two arguments: (1) the plaintiff insufficiently served process on the defendants under Rule 4 of the Federal Rules of Civil Procedure, and (2) the

---

[4]These terms refer to the forms that an inmate is required to file before he is able to file a formal civil complaint. The BP-8 is an informal request that must be filed before an inmate starts the formal grievance process required by the Prison Litigation Reform Act ("PLRA"). This process and the forms that must be filed are discussed in more detail later in this order. <u>See</u> <u>supra</u> pg. 8-9.

3

plaintiff failed to exhaust administrative remedies. As to service of process, the defendants assert that the plaintiff failed to effect service by simply giving the documents to his counselor and attempting to deliver them through an internal prison mail system. The defendants further contend that the United States Attorney for the Northern District of West Virginia and the Attorney General for the United States should have been served, they were not. Further, the defendants argue that the method employed by the plaintiff in serving the individual defendants failed to constitute service under Federal Rule of Civil Procedure 4(e). Finally, the defendants argue that the plaintiff has not demonstrated good cause for failing to serve the defendants.

The second argument made by the defendants is that the plaintiff failed to exhaust his administrative remedies pursuant to the Prison Litigation Reform Act ("PLRA"). The defendants argue that the plaintiff has failed to file and receive a response at the institutional level (the BP-9), thus, his subsequent filings were rejected by the Bureau of Prisons ("BOP") because they were deemed to have been filed at the wrong level. The defendants included a declaration by Howard Williams, a paralegal at the Mid-Atlantic Regional Office of the Federal BOP, to support their assertions as to the plaintiff's failure to exhaust.

The plaintiff responds that he had to follow the prison rules as to mailing documents for this case. Further, he states that it

4

is unfair to expect a pro se plaintiff to know how service of process should be conducted and that the defendants' claims are meritless. As to the defendants' failure to exhaust claim, the plaintiff states that he did send the BP-9 form to the warden and did fulfill that administrative remedy. In fact, the plaintiff argues he sent the BP-9 form twice. The plaintiff contends that the warden never responded to that request so he proceeded on to the other steps, hence he did fulfill the exhaustion requirement.

For the reasons set forth below, this Court adopts and affirms the magistrate judge's report and recommendation in its entirety.

### III. Applicable Law

As there were no objections filed to the magistrate judge's recommendation, the findings and recommendation will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

### IV. Discussion

A. Service of Process

The defendants argue that the plaintiff did not perfect service of process by giving the case documents to his counselor and only serving the individual defendants. The plaintiff contends that because he is incarcerated, he followed the prison rules pertaining to the mail system. Further, he claims that because of his pro se status, he should not have this action dismissed at this time for improper service of process.

The Federal Rules of Civil Procedure govern the time limit for effecting service and the sanctions to be imposed for refusal by a defendant to waive service. Pertinent to this case, Rule 4(e) states that when serving an individual within a judicial district of the United States, the individual may be serviced by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Additionally, Rule 4(i)(3) requires that in an action where the plaintiff is making a claim against an officer or employee of the United States in his official capacity, along with serving the individual officer or employee, the plaintiff must also serve the United States as well as the United States Attorney for the district in which he is bringing suit. Fed. R. Civ. P. 4(i)(3).

Further, Rule 4(m) provides that service of the summons and complaint must be made upon a defendant within 120 days from the date of the filing of the complaint. Fed. R. Civ. P. 4(m). However, where a plaintiff shows good cause for failure to effect

service of process within the prescribed period, "the court must extend the time for service for an appropriate period." Id.

The magistrate judge found that the plaintiff did not properly serve the individual defendants in this case. This Court adopts that finding because it is not clearly erroneous. Based on the facts, the plaintiff did not fulfill the requirements of Rule 4(e) by giving the case documents to his counselor. The magistrate judge also found that he did not properly serve the United States Attorney or the Attorney General. The magistrate judge, however, noted that the order regarding preliminary review and service of process failed to direct the Clerk of Court to provide the plaintiff with the summonses for the United States Attorney and the Attorney General.

The magistrate judge found that because of the lack of summonses provided to the plaintiff for the United States Attorney and the Attorney General, and the fact that the plaintiff is pro se, it would be improper to enter a dismissal order for failure to obtain service. Because the Federal Rules allow the Court to extend the time for service for an appropriate time if good cause has been shown, this Court finds that the magistrate judge's recommendation is not clearly erroneous. Accordingly, this Court adopts his suggestion that the Clerk of Court be directed to issue a 60-day summons for each of the defendants as well as the United States Attorney and the Attorney General for the United States, and

7

that the plaintiff be afforded an additional 30 days after receipt of the same to perfect service as required by Rule 4 of the Federal Rules of Civil Procedure.[5]

B.   Exhaustion of Remedies

The defendants argue that the plaintiff has not exhausted his administrative remedies because he did not properly file at the institutional level, which requires filing a grievance form to the warden of the correctional facility. The defendants included an affidavit with their motion to dismiss to support their argument. The plaintiff filed attachments to his complaint supporting his claim that he had exhausted all administrative remedies. Further, in his response, he contends that he actually sent the institutional level form twice to the warden and received no response. The defendants did not file a response to the plaintiff's claims nor did they file objections to the report and recommendation.

Under the PLRA, a prisoner bringing an action "with respect to prison conditions" under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42

---

[5] This Court realizes that the plaintiff on November 27, 2013, after the magistrate judge entered his report and recommendation, filed a response stating that he has perfected service and, therefore, has adhered to the Court's order dated November 7, 2013. This response, therefore, is not deemed to be an objection to the report and recommendation. However, the Court notes that the plaintiff has likely misunderstood the purpose of the report and recommendation and thus this directive in this order may help him to better perfect service of process if he has not done so.

U.S.C. § 1997e. Exhaustion under § 1997e is mandatory, Booth v. Churner, 532 U.S. 731, 741 (2001), and applies to "all inmate suits about prison life." Porter v. Nussle, 534 U.S. 516, 532 (2002). If failure to exhaust is apparent from the complaint, federal courts have the authority pursuant to 28 U.S.C. § 1915 to dismiss the case sua sponte. Anderson v. XYZ Correctional Health Servs., Inc., 407 F.3d 674, 682 (4th Cir. 2005). Actions brought pursuant to Bivens are subject to administrative exhaustion requirements of the PLRA. Porter, 534 U.S. at 524.

Administrative exhaustion requires an inmate to pursue informal resolution before proceeding with a formal grievance (BP-8). 28 C.F.R. § 542.13. The formal administrative process of the Bureau of Prisons ("BOP") is structured as a three-tiered system. 28 C.F.R. § 542.10, et seq. First, an inmate must submit a written complaint to the warden, to which the warden supplies a written response (BP-9). 28 C.F.R. §§ 542.11 and 542.14. For inmates who do not obtain satisfactory relief at the first tier, the second tier allows the inmate to file an appeal with the Regional Director of the BOP (BP-10).[6] 28 C.F.R. § 542.15. The third, and final, tier of the formal administrative remedy process is an appeal to the National Inmate Appeals Administrator for the Office of General Counsel (BP-11). Id. An inmate's administrative remedies thus are

---

[6]For inmates confined at USP Hazelton, those appeals are sent to the Mid-Atlantic Regional Director in Annapolis Junction, Maryland.

considered exhausted only after pursuing a final appeal to the National Inmate Coordinator for the Office of General Counsel.

Proper exhaustion of a PLRA or <u>Bivens</u> claim requires an inmate to file timely and procedurally sound administrative grievances in compliance with the BOP's administrative grievance process as outlined above. See <u>Woodford v. Ngo</u>, 548 U.S. 81, 90-91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings.").

The magistrate judge found that because the defendants chose not to address the attachments to the plaintiff's complaint or his response to their motion to dismiss, they have not addressed his claim that he in fact filed a BP-9. Further, he found that the defendants did not address the fact that the plaintiff notified the BOP that he had not received a response from the warden nor did they file any information from the administrative remedy clerk at USP Hazelton which might disprove the plaintiff's claim. Thus, the magistrate judge found that there was a genuine issue of material fact and dismissal would not be proper on the current record. Because the defendants have not fully addressed the plaintiff's claims as to exhaustion of his administrative remedies, and failed to object to the magistrate judge's finding in that regard, this

Court adopts the magistrate judge's finding as it is not clearly erroneous.

## V. Conclusion

For the reasons set forth above, this Court finds no clear error in the report and recommendation of the magistrate judge, and it is therefore AFFIRMED and ADOPTED in its entirety. Further, the Clerk of Court is DIRECTED to issue a 60-day summons for each of the defendants as well as the United States Attorney for the Northern District of West Virginia and the Attorney General for the United States. Additionally, the plaintiff is DIRECTED to perfect service as required by Rule 4 of the Federal Rules of Civil Procedure 30 days after he receives the summonses issued by the Clerk of Court.

Finally, this Court finds that the defendants were properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the defendants have failed to object, they have waived their right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein.

DATED: December 5, 2013

                                       <u>/s/ Frederick P. Stamp, Jr.</u>
                                       FREDERICK P. STAMP, JR.
                                       UNITED STATES DISTRICT JUDGE