IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ARNOLD JEFFREY SAYLES,

        Plaintiff,

v.                                         Civil Action No. 5:13CV1
                                                              (STAMP)
MR. TERRY O'BRIEN, Warden,
MR. T. BAYLESS, Correctional Officer
and MR. R. SHANNON, Correctional Officer,

        Defendants.


                **MEMORANDUM OPINION AND ORDER**
                **AFFIRMING AND ADOPTING REPORT AND**
                **RECOMMENDATION OF MAGISTRATE JUDGE**

                      I.  Procedural History

     The plaintiff, in the above-styled civil action, filed a pro

se[1] Bivens[2] complaint in this Court asserting that he lost a

portion of his finger when a manhole cover fell on it while he was

working with improper equipment in inappropriate weather

conditions.  The plaintiff paid the $350.00 filing fee required for

a civil complaint and was not granted leave to proceed in forma

pauperis ("IFP").[3]  Thereafter, the plaintiff filed proof of

---

     [1]"Pro se" describes a person who represents himself in a court
proceeding without the assistance of a lawyer.  Black's Law
Dictionary 1416 (10th ed. 2014).

     [2]Bivens v. Six Unknown Named Agents of Fed. Bureau of
Narcotics, 403 U.S. 388 (1971).

     [3]In forma pauperis refers to the filing status as a "pauper,"
or "indigent who is permitted to disregard filing fees and court
costs."  Black's Law Dictionary 899 (10th ed. 2014).

service indicating that each defendant had been served through the prison's internal mailing system.

The defendants then filed a motion to dismiss in lieu of an answer arguing that this case should be dismissed for imperfect service of process and because the plaintiff failed to exhaust his administrative remedies. The plaintiff filed a timely response. Thereafter, United States Magistrate Judge John S. Kaull issued a report and recommendation recommending that the motion to dismiss be denied. This Court affirmed and adopted the magistrate judge's report and recommendation.

The defendants then filed an answer to the complaint. The magistrate judge thereafter entered a first order and notice setting forth discovery and other pretrial deadlines. The plaintiff filed several motions in the interim for extensions or for appointment of counsel. The plaintiff's motion titled "omnibus motion proffering multiple conditions of discovery in this matter for judgment" is still pending. The defendants filed a response to that motion. Further, the defendants have filed a motion to dismiss, or in the alternative, for summary judgment. The plaintiff filed a response thereto titled "motion in speechless opposition to defendants' pure subterfuge." As the issues were then ripe for review, Magistrate Judge Kaull entered a report and recommendation recommending that this Court grant the defendants' motion, deny the plaintiff's motion, and dismiss this action.

II. <u>Facts</u>

The plaintiff is a federal inmate housed at United States Penitentiary Hazelton ("USP Hazelton"). He asserts that after he lost part of his finger when a manhole cover fell on it while he was working, he filed a "cop out" form (a BP-8 or informal request), a BP-9, BP-10, and BP-11;[4] none of which, he avers, were responded to by BOP officials. The plaintiff has submitted as evidence what he asserts are the forms he filed. However, the BP-8 and BP-9 are incomplete as they are missing the plaintiff's signature, the signature of a USP Hazelton staff member, or a disposition statement. The plaintiff contends that after he exhausted his administrative remedies, he then filed the instant action.

In the motion to dismiss, the defendants argue that the plaintiff failed to exhaust his administrative remedies pursuant to the Prison Litigation Reform Act ("PLRA"). The defendants argue that the plaintiff has failed to file and receive a response at the institutional level (the BP-9), thus, his subsequent filings were rejected by the Bureau of Prisons ("BOP") because they were deemed to have been filed at the wrong level. The defendants include

---

[4] These terms refer to the forms that an inmate is required to file before he is able to file a formal civil complaint. The BP-8 is an informal request that must be filed before an inmate starts the formal grievance process required by the Prison Litigation Reform Act ("PLRA"). This process and the forms that must be filed are discussed in more detail later in this order. <u>See</u> <u>supra</u> pg. 8-9.

declarations from three BOP employees to support their assertions as to the plaintiff's failure to exhaust. Additionally, the defendants assert that the plaintiff's claim fails as it should have been asserted pursuant to the Inmate Accident Compensation Act ("IACA"), or, in the alternative, the defendants are entitled to qualified immunity.

The plaintiff argues that the defendants' assertions should not be considered as the defendants are rehashing arguments they made in their previous motion to dismiss. Further, the plaintiff addresses the applicability of the IACA and asserts that it is not an exclusive remedy unless the plaintiff receives monetary relief pursuant to the Act.

In his report and recommendation, the magistrate judge found that the plaintiff has failed to exhaust his administrative remedies. The magistrate judge reviewed the available evidence and found that the plaintiff never submitted BP-8 or BP-9 forms.

The magistrate judge also found that even if the plaintiff had exhausted his administrative remedies his claim fails. The magistrate judge thus reviewed the split among federal circuit courts regarding whether or not the IACA bars Bivens claims involving a work-related injury and the fact that the United States Court of Appeals for the Fourth Circuit has not yet ruled on the matter. However, the magistrate judge found that even if the IACA is found to not be a bar to the plaintiff's claim, his claim still

4

fails because his claim is one based in negligence rather than deliberate indifference despite the terms the plaintiff has used in describing his claim.

Finally, the magistrate judge denied the plaintiff's omnibus motion because the plaintiff's request for counsel was moot as the magistrate judge had found his claim to be without merit. Additionally, the magistrate judge found that the plaintiff's motion, as it related to discovery, was untimely as it did not afford the defendants any time to file objections or otherwise respond within the discovery deadline.

In his objections, the plaintiff asserts that because of his pro se status and prior requests for counsel his claim should not be dismissed because he filed one day outside of the discovery deadline. Additionally, the plaintiff takes issue with the magistrate judge's issuance of a second report and recommendation as the plaintiff argues that there is no new evidence and the defendants should not be allowed to reassert arguments they previously made.

Further, the plaintiff argues that he has exhausted his administrative remedies and the lack of signatures and disposition statements on the BP-8 and BP-9 forms only signal that the staff failed to respond to his complaints. The plaintiff contends that the magistrate judge incorrectly construed this as a failure to file those forms based on what the plaintiff argues are

5

misstatements from BOP employees. The plaintiff also takes issue with the magistrate judge's construction of his claim as one in negligence. The plaintiff asserts that his claim is one for deliberate indifference because the defendants allowed him to work in adverse weather conditions with improper tools, and then after he was injured failed to resolve the matter or take responsibility for his injury. Finally, the plaintiff addresses the defendants' qualified immunity argument. However, this argument was not addressed in the report and recommendation.[5]

For the reasons set forth below, this Court adopts and affirms the magistrate judge's report and recommendation in its entirety; grants the defendants' motion to dismiss, or in the alternative, motion for summary judgment; and denies the plaintiff's omnibus motion.

### III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. Because the plaintiff filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed <u>de novo</u>.

---

[5]Because this Court finds below that even if the plaintiff exhausted his administrative remedies, his claim is without merit, this Court also will abstain from reviewing the defendants' qualified immunity defense.

## IV. Discussion

### A. Exhaustion of Administrative Remedies

As stated previously, the plaintiff has provided documents that he claims are BP-8 and BP-9 forms that he has submitted regarding the underlying claim. The defendants have submitted declarations from three BOP employees that support their position that the plaintiff failed to exhaust his remedies because he did not actually submit the BP-8 and BP-9 forms. The plaintiff argues in his objections that the BOP employees are making misstatements regarding the filing of those forms, that they are not signed and do not have a disposition statement because the persons who reviewed them simply did not respond, and thus the magistrate judge was incorrect in finding that he had not exhausted his administrative remedies.

Under the PLRA, a prisoner bringing an action "with respect to prison conditions" under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997e. Exhaustion under § 1997e is mandatory, Booth v. Churner, 532 U.S. 731, 741 (2001), and applies to "all inmate suits about prison life." Porter v. Nussle, 534 U.S. 516, 532 (2002). If failure to exhaust is apparent from the complaint, federal courts have the authority pursuant to 28 U.S.C. § 1915 to dismiss the case sua sponte. Anderson v. XYZ Correctional Health Servs., Inc., 407 F.3d 674, 682 (4th Cir. 2005). Actions brought pursuant

to Bivens are subject to administrative exhaustion requirements of the PLRA. Porter, 534 U.S. at 524.

Administrative exhaustion requires an inmate to pursue informal resolution before proceeding with a formal grievance (BP-8). 28 C.F.R. § 542.13. The formal administrative process of the Bureau of Prisons ("BOP") is structured as a three-tiered system. 28 C.F.R. § 542.10, et seq. First, an inmate must submit a written complaint to the warden, to which the warden supplies a written response (BP-9). 28 C.F.R. §§ 542.11 and 542.14. For inmates who do not obtain satisfactory relief at the first tier, the second tier allows the inmate to file an appeal with the Regional Director of the BOP (BP-10).[6] 28 C.F.R. § 542.15. The third, and final, tier of the formal administrative remedy process is an appeal to the National Inmate Appeals Administrator for the Office of General Counsel (BP-11). Id. An inmate's administrative remedies thus are considered exhausted only after pursuing a final appeal to the National Inmate Coordinator for the Office of General Counsel.

Proper exhaustion of a PLRA or Bivens claim requires an inmate to file timely and procedurally sound administrative grievances in compliance with the BOP's administrative grievance process as outlined above. See Woodford v. Ngo, 548 U.S. 81, 90-91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines

---

[6]For inmates confined at USP Hazelton, those appeals are sent to the Mid-Atlantic Regional Director in Annapolis Junction, Maryland.

and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings.").

This Court agrees with the magistrate judge that the evidence in this case is in favor of the defendants. The BP-8 and BP-9 forms the plaintiff has provided in the record are incomplete. Further, the BOP employees' declarations provide information regarding a system wherein even "[a]ll administrative remedy submissions are received, coded, and entered into the SENTRY computerized Administrative Remedy System under the supervision of the Warden's Office." ECF No. 55-3 at 2. Thus, if in fact a BP-9 had been received, it would have shown up in the SENTRY computerized Administrative Remedy System ("SENTRY System"), which it has not. Moreover, the plaintiff's argument that the BOP employees who made these submissions were not employees at the time of the incident is irrelevant as there is no evidence that the SENTRY System was not being utilized at the time of the incident.

Therefore, as there is no evidence that the BP-8 and BP-9 forms were submitted, other than the incomplete forms the plaintiff has submitted, this Court cannot find that the plaintiff has successfully exhausted his administrative remedies. However, in the alternative and in an abundance of caution, this Court will address the plaintiff's deliberate indifference claim.

B.  Deliberate Indifference

This Court will not address the possibility that the IACA is an exclusive remedy and thus would foreclose the plaintiff's Bivens claim because this Court, as addressed below, finds that the plaintiff's claim is without merit even if it were allowed to proceed as a Bivens claim.

Only deprivations denying "'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson v. Seiter, 501 U.S. 294, 298 (1991) (citation omitted). In order to be liable for an Eighth Amendment violation, an "official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

The record reveals that when the plaintiff's finger was caught between the manhole and its cover, several prior attempts to remove that lid had already been completed with the crow bar and the piece of wood (the same process that was used when the underlying incident occurred). The plaintiff notes in the record that he himself, out of frustration, reached underneath the lid with his hand. Further, the plaintiff, even in his objections, describes the incident as one of negligence although he also uses the term "deliberate indifference."

"[D]eliberate indifference describes a state of mind more blameworthy than negligence." Farmer v. Brennan, 511 U.S. 825, 835 (1994). To be deliberately indifferent an "official [must] know[] of and disregard[] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. In this case, there is no evidence that the BOP employees supervising the plaintiff were deliberately indifferent to his health or safety. As the record shows, the procedure used when the plaintiff was injured had been used several times prior without incident. Further, the plaintiff himself describes it as negligence and states that the defendants became deliberately indifferent when they failed to remedy their negligence thereafter and take responsibility for their negligence. Such facts do not rise to the level of deliberate indifference and thus the plaintiff's claim is without merit.

C. Plaintiff's Omnibus Motion

This Court has found the plaintiff's claim to be without merit. Thus, insofar as he requested counsel, that request is moot. Further, as the magistrate judge noted the plaintiff mailed his motion one day before the discovery deadline expired. The scheduling order entered in this case indicated that all discovery, including objections and responses, had to be completed before the

11

final discovery deadline. It is clear that the defendants would be unable to respond in anyway to the plaintiff's discovery request prior to the discovery deadline. As such, the plaintiff's request was untimely. This, coupled with the fact that the plaintiff's claim has been found to be without merit as pled, leads this Court to find that the plaintiff's omnibus motion should be denied.

## V. Conclusion

Based on the analysis above, this Court finds that the magistrate judge's report and recommendation is AFFIRMED and ADOPTED in its entirety. Accordingly, the plaintiff's objections are OVERRULED. The defendants' motion to dismiss, or in the alternative, motion for summary judgment is GRANTED. The plaintiff's omnibus motion proffering multiple conditions of discovery in this matter for judgment is DENIED. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within sixty days after the date of the entry of this judgment order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the pro se

plaintiff by certified mail.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:   June 25, 2015


                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE